In re application of DONALD L. TREMPER et al. for writ of
*habeas corpus.*

[Argued October 21st, 1940.   Decided February 13th, 1941.]

*Mr. Arthur C. Mullen,* for the appellants.

*Mr. Joseph Lanigan* and *Mr. Joseph A. Murphy,* assistant
attorneys-general, and *Mr. Leo Robbins,* prosecutor of the
pleas of the county of Ocean, for the State of New Jersey.

The opinion of the court was delivered by

PARKER, J.

The appellants, jointly indicted for murder, pleaded not
guilty, and in due course the matter came on for trial with
a traverse jury.  In the course of the trial a juror fell ill,
and it was consented in open court, and with the express
approval of the prisoners, that the trial proceed with eleven
jurors.  This was done: there was a verdict, as to one of
the appellants of guilty of murder in the first degree with
recommendation of life imprisonment (*R. S. 2:138-4*) and
as to the other two, guilty of murder in the second degree.
Sentence was pronounced accordingly, and since the trial,
which was in 1934, the defendants have been confined in the
state prison.

The trial with eleven jurors was of course manifest error, as to which there is no difference of opinion and as to which citation of authority is superfluous. The obvious duty of the trial court was either to recess the case until the juror should recover, which, of course, would mean a continued sequestration of the eleven other jurors and court supervision of the invalid, or preferably to declare a mistrial, discharge the jury and issue a *venire de novo*. And the error was not such as could be cured or waived by any consent. In *State* v. *O'Leary, 110 N. J. Law 36,* we held that the sequestration of the jury in a murder trial was a requirement which neither court nor defendant can waive, and that non-compliance with the rule requires no exception to support a review. The reasoning of that case applies even more strongly here.

As we understand the facts, which in the following particular are of course matter of record, no writ of error was sued out by the defendants or by any of them, and as already noted, they have been since confined in the state prison. As noted in the opinion of the court below (*126 N. J. Eq.* at *p. 284*) the time for taking out a writ of error had long since expired, the limit being one year; but more than four years after the conviction, the present appellants applied to the Court of Chancery for a writ of *habeas corpus,* on the ground that the conviction on verdict of eleven jurors was illegal, and necessarily on the further ground that by continuing the trial with eleven jurors the Court of Oyer and Terminer had lost jurisdiction of the cause and that appellants were entitled to be discharged from custody. In the court below, the opinion seems to be rested on the postulate that by continuing with eleven jurors, the trial court had lost jurisdiction of the cause and consequently that the conviction was void and not merely voidable: but treated the award of a *habeas corpus* and hearing thereunder as a matter of judicial discretion, in the exercise of which the writ was discharged.

We conclude that the discharge of the writ was right, and should be affirmed, but rest our decision on the ground that notwithstanding the trial error in continuing with eleven jurors, which we agree could not be avoided by any consent, in or out of court, still the court retained jurisdiction of the cause. What it should have done, as already pointed out,

was to discharge the jury in accordance with every-day practice in such a situation, and direct a *venire de novo*. But this, like the failure to sequestrate in *State* v. *O'Leary, supra*, was a mere trial error. In that case there was a reversal and *venire de novo* (*p. 40*). We can see no difference in principle between the failure to sequester the jury as in the *O'Leary Case*, and proceeding by consent with eleven jurors, as in the present case. In each, an ancient and fundamental principle of jury trial in murder cases was violated: but we are unable to see that in either case the court lost jurisdiction either of the cause or of the parties. In each, it committed an error which if properly reviewed, would lead to a reversal and a new trial, and the *O'Leary Case* took that very course; but the jurisdiction of the indictment and of the parties remained unimpaired and the review was by writ of error, and properly so. In like manner, in the present case the jurisdiction over the defendants and over the indictment remained in the trial court. Concededly that court, could, and should, have declared a mistrial, discharged the jury, remanded the defendants, and summoned another jury.

It had jurisdiction to do all those things; and the erroneous act of acceding to the application of all concerned to proceed with a short jury did not in any way vacate the pre-existing jurisdiction over the parties and the cause.

If, as we hold, there was unimpaired jurisdiction, the law seems settled that *habeas corpus* will not lie: and the Court of Chancery so held in this very case, *126 N. J. Eq.* (at *p. 278*). And the *Habeas Corpus* act by clear implication so provides. *Comp. Stat. p. 2640 § 1 (II)* now *R. S. 2:82-13 (b)*. See *Clifford* v. *Heller, 63 N. J. Law 105*. The matter need not be pursued further, as it seems to be conceded that the right to the writ in this case must rest on lack of jurisdiction over the parties and subject-matter. The order under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.