This matter comes before the court on the duly verified petition of Clarence Hill, an inmate at the New Jersey State Prison, who seeks affirmative relief and asks:
1. That a rule to show cause be granted why a writ of habeas corpus should not issue.
2. That he be permitted to plead in forma pauperis.
3. That he be assigned counsel to perfect and prosecute this action.
4. That he be granted a writ of habeas corpus.
5. That he be discharged from imprisonment.
Counsel for petitioner, in addition to oral argument, has furnished this court with a memorandum in support of the prayers of the petition.
It appears from the petition that Clarence Hill was indicted for first degree murder, entered a plea of not guilty, was tried before the Court of Oyer and Terminer in the County of Mercer at the January Term 1944, and was convicted of murder in the first degree. The jury, pursuant to R.S. 2:138-4, recommended imprisonment at hard labor for life and the court, on December 29, 1944, duly sentenced said Clarence Hill to life imprisonment.
It also appears that on the 5th day of February, 1947, a writ of error having heretofore issued out of the Court of *Page 600 
Errors and Appeals, was dismissed by that Court for failure of prosecution.
Points 1 and 4 will be considered together for they deal with similar subject matter, the former seeking the issuance of a rule to show cause why a writ of habeas corpus should not issue and the latter petitioning for the issuance of the writ. It must be assumed that the petitioner has enumerated in his petition, and counsel have set forth in their memorandum, all available factual and legal reasons why the writ should issue.
Let us then examine the petition and ascertain therefrom the factual allegations submitted to support the issuance of the rule or, in the alternative, the writ.
Petitioner alleges that on December 29, 1943, he was in the Armed Forces and was apprehended by a member of the Police force of the Township of Hamilton in the State of New Jersey and by a New Jersey State Trooper and placed in the guard house at the military encampment where he was then stationed.
On or about January 26, 1944, he was removed to Fort Dix, New Jersey, placed in the guard house and he alleges that he was there abused and mistreated for the ensuing several days and subjected to continuous questioning by members of the military police and other law enforcing agents.
I must assume that his detention in the guard house from December 29, 1943, until January 25, 1944, was in accordance with accepted military police procedures for nothing appears in the petition to the contrary.
Petitioner alleges that, as the result of being placed in bodily fear and to preclude further harm being inflicted upon him, he signed a confession admitting the murder for which he was subsequently indicted and convicted.
It further appears that he entered a plea of not guilty, was committed to the Mercer County Jail and thereafter was indicted for first degree murder, convicted and sentenced to life imprisonment. *Page 601 
He alleges that the only direct evidence against him was the confession which he asserts was obtained by duress.
As a result of all of which, he asks the issuance of a rule to show cause or a writ of habeas corpus to test the validity of his incarceration.
It is fundamental in the law of this State that the writ of habeas corpus is a high prerogative writ, not a writ of right. It does not issue as of course, but only where the applicant shows that he is so entitled, In re Tremper 126 N.J. Eq. 279, citing In re Thompson, 85 N.J. Eq. 221; In re Davis,107 N.J. Eq. 160, affirmed 129 N.J. Eq. 274. The Tremper case
also involved appellants who had been convicted of murder in the first degree with recommendation of life imprisonment. Similarly, in that case, the applicants for the writ alleged numerous errors in the trial court. The writ was denied and the court determined that a writ will not ordinarily be granted where there is another adequate remedy by appeal or writ of error or otherwise, citingIn re Davis, supra, pp. 170-174; In re Belt, 159 U.S. 95,at 100.
The court further stated that the "question as to whether or not the applicant, on the circumstances presented by him, is entitled to the issuance of the writ, is a matter for judicial determination by the court to which application is made, in the exercise of sound judicial discretion," citing In re Thompson,supra, and In re Davis, supra.
There is no allegation in the petition of lack of jurisdiction in the trial court and, accordingly, we need not treat with this general subject matter.
There is authority to the effect that trial errors may not be reviewed by habeas corpus when writ of error or appeal should be employed. In re Caruso, 135 N.J.L. 522, citing In re Rose,122 N.J.L. 507 and the Davis and Tremper cases, supra.
It appears that applicant is now precluded from proceeding by writ of error or appeal by reason of lapse of time but this is of no particular moment for as in the Tremper case the court determined that relief could not be had through habeas corpus against the sentence imposed on alleged trial *Page 602 
errors of a non-jurisdictional nature even though time for filing writ of error or appeal had elapsed.
All of the allegations in the petition of the petitioner relate to non-jurisdictional trial errors which are properly reviewable on appeal or writ of error and which cannot justify the issuance of a writ of habeas corpus and, therefore, will not support the issuance of the rule to show cause.
I, therefore, conclude that petitioner's request for the issuance of a writ of habeas corpus or a rule to show cause must be denied.
Having reached these conclusions as to points 1 and 4, it follows that requests 2, 3 and 5 need not be further considered.
Accordingly, the relief prayed for by petitioner in his petition is denied.