10 N.J. Super. 422 (1950)
76 A.2d 848
IN THE MATTER OF THE APPLICATION OF DAVID TIERSON GRAHAM FOR WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Law Division.
Decided November 28, 1950.
Mr. Robert E. Dietz, for the petitioner.
Mr. Mario H. Volpe, County Prosecutor, Mercer County (Mr. Frank H. Lawton, First Assistant Prosecutor, Mercer County, appearing), for the State.
SMALLEY, J.S.C.
The petitioner, David Tierson Graham, was convicted of the crime of incest with his infant daughter in the Mercer County Court of Quarter Sessions on September 22, 1947.
*423 On October 3rd of the same year, he was sentenced to the New Jersey State Prison for a term of not less than seven years nor more than ten years.
On the representation that he is illegally confined in the State Prison, petitioner sought and obtained his writ of habeas corpus on the 20th day of October, 1950, returnable November 20th of this year, on the single issue that he was not present at the time the jury rendered its verdict of guilty in open court.
The State, in its memorandum filed, "disputes the factual basis for the application, and claims that the petitioner was present at the time the jury rendered its verdict."
This court heard the testimony offered and being satisfied that the petitioner was not in court at the rendition of the verdict by the jury, remanded the petitioner to the Mercer County Jail for trial.
Thereafter, this court, on being advised that its determination would require a further consideration by appeal, the request for the filing by this court of a short memorandum to complete the record seems in order.
The testimony adduced at the hearing on the writ disclosed that the trial judge and petitioner's counsel were not present when the jury rendered its verdict.
The petitioner testified that he was not present, that he was in the county jail and did not know the result until the next day when he was advised by certain individuals and by the reading of articles in the local newspapers.
The clerk of the court could not say that the defendant was present when the jury rendered its verdict and could not even determine from the minutes what time the jury brought in its verdict. One juror testified that she thought the petitioner was present when the verdict was rendered but "could not swear" that this was the fact.
This may be said to be a fair recital of the testimony offered at the hearing on the writ.
It was argued by the State that a writ of habeas corpus can not perform the functions of a writ of error or appeal to *424 review mere errors or irregularities of a court having jurisdiction of the person.
This court, of course, subscribes to this view and agrees that the rule as laid down in In re Tremper, 129 N.J. Eq. 274 (E. & A. 1941), holds that the trial errors may not be reviewed on habeas corpus.
An opinion from this pen reiterating this rule has found its way in our reported cases in In re Hill, 2 N.J. Super. 598 (Law Div. 1949).
Here is a situation apart from a consideration of mere trial errors. The facts disclose no waiver by the petitioner, no attempt to a consenting by the petitioner to a most undesirable procedure.
This is no instance where the irregularities complained of may be brushed aside as being merely a violation of a procedural rule.
The petitioner was not under bail. He did not voluntarily absent himself. He was lodged in the county jail without counsel being present at the time the verdict was rendered with no opportunity to have a polling of the jury.
The authorities cited by the State are not helpful and I have been unable to find dispositive authority in our own reported cases, but do find recognition of this view recited in both federal and other states. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, and Commonwealth ex rel. Milewski v. Ashe, Warden, 363 Pa. 596, 70 A.2d 625. Chief Justice Maxey in the opinion for that court said:
"It is fundamental in Anglo-Saxon jurisprudence that the defendant charged with a felony shall be permitted to be present at every stage of the trial. Certainly the rendition of the verdict is one of the most important stages of the trial. The words `Prisoner look upon the jurors, jurors look upon the prisoner' is of great significance. Not only has the prisoner the right to have a polling of the jury but his very presence may move some of the jury to have compassion on him and when polled some may say `not guilty.' In our examination of this question we have not found a single jurisdiction in which the absence of a defendant in a felony case from the courtroom at the time the jury renders its verdict (unless the defendant is out on bail) is not a fatal error. If he is out on bail and is not present when the *425 verdict is rendered it is taken for granted that he has waived his right to be present."
All of which makes it appear that petitioner's constitutional rights were violated, thereby ousting the trial court of its jurisdiction and securing to the petitioner his relief as afforded under the writ of habeas corpus.
The petitioner will be remanded to the Mercer County Jail for trial.
Application for bail on notice may be had.
An order may be submitted.