15 N.J. Super. 445 (1951)
83 A.2d 646
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LAWRENCE JANIEC, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided October 5, 1951.
Writ of Certiorari Denied December 3, 1951.
*446 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. J. Victor Carton, attorney for respondent (Mr. George A. Gray, on the brief).
Mr. Lawrence Janiec, pro se.
Writ of Certiorari Denied December 3, 1951. See 72 S.Ct. 203.
PER CURIAM.
Defendant, Lawrence Janiec, appeals from a denial by the Mercer County Court of his application for writ of habeas corpus on the ground of alleged erroneous convictions on indictments charging him with escape from the Monmouth County jail and with robbery of one William Carter.
On December 2, 1946, Janiec was convicted on an indictment charging him with escape from the Monmouth County jail. On the following day, he was convicted of robbery of one William McKelvey, and under another indictment of robbery of one William Carter. On December 11, 1946, Janiec was sentenced to serve from 12 to 15 years in State Prison and to pay a fine of $1,000 on the McKelvey robbery conviction; from two to three years and a $1,000 fine on the escape charge and was sentenced to life imprisonment as an habitual criminal under the Carter robbery and conviction. The sentence on the Carter robbery charge was appealed, as well as the two robbery cases and the escape case for alleged trial errors, resulting in remanding for resentence on the Carter conviction, and dismissal of appeal as to alleged trial errors in the *447 three named cases because of failure to prosecute writ of error within the prescribed statutory period of time. See State v. Janiec, 9 N.J. Super. 29 (App. Div. 1950). Janiec filed an appeal with the Supreme Court from that part of the judgment dismissing his appeal for alleged trial errors. No appeal was taken from that portion of the judgment dealing with the erroneous sentence of defendant. The Supreme Court, in 6 N.J. 608 (1951), on an appeal from the judgment holding that the defendant's writ of error was not prosecuted within time, held that there was an absence of statutory authority for the extension of time for filing a writ of error and that the former Supreme Court had no power to grant the extension of time for filing the defendant's writ and affirmed the judgment of the Appellate Division.
It would not be amiss to observe that in defendant's appeal to the Appellate Division (9 N.J. Super. 29 (App. Div. 1950)), some ten allegations of trial error were presented. The Supreme Court's determination (6 N.J. 608 (1951)), that the defendant failed to prosecute his writ of error within the prescribed statutory period would seem to be dispositive of the issue here as well as to lend serious doubt as to the authenticity of the errors alleged in this appeal. Janiec sought unsuccessfully to review the decision of the New Jersey Supreme Court by certiorari in the United States Supreme Court. He was resentenced on the Carter robbery indictment to serve not less than 14 1/2 years and not more than 15 years in the New Jersey State Prison.
A prior application to the Mercer County Court of Common Pleas for a writ of habeas corpus was denied and the denial affirmed on appeal to the former Supreme Court, In re Janiec, 137 N.J.L. 94 (Sup. Ct. 1948); 336 U.S. 939, 69 S.Ct. 742, 93 L.Ed. 1098, certiorari denied.
In the case sub judice, the defendant's application to the Mercer County Court, Law Division, for a writ of habeas corpus to review his convictions on charges of escape and the McKelvey robbery, was denied by letter memorandum of County Court Judge Richard J. Hughes, under date of May *448 14, 1951. There is no appendix accompanying defendant's brief and no notice of appeal attached. However, the appendix to the State's brief contains a notice of appeal filed by the defendant on June 25, 1951, in which he appeals from the conviction on the Carter robbery indictment to review certain alleged errors in the 1946 trial, presumably on the theory that a new judgment of conviction was entered because of the remand for erroneous sentence.
Defendant's argument on appeal is two-fold. First, that at the time of his arrest in 1946, he was brutally beaten by police officers, held incommunicado for a long period of time, subjected to extensive questioning by relays of police officers and detained without a formal charge lodged against him; that this was a deprivation of "liberty or life through tyrannical or oppressive means" and "that he was denied due process of law because of the prolonged interrogation over a period of several days, while he was under detention without a hearing contrary to the State law requiring immediate arraignment," and without advice of counsel, all violative of the applicable provisions of Constitutions of the United States and the State of New Jersey. Secondly, defendant argues that he was lodged in the Monmouth County jail, where he was unlawfully detained without being advised as to the charges against him; that, consequently, he could effect his escape by any reasonable means; that he secured his freedom for "a consideration" paid to a guard of that institution and as a result of his unlawful detention his escape was not unlawful. Thereafter, he was apprehended in the State of Massachusetts, returned to the Monmouth County jail, allegedly held incommunicado, subjected to long periods of questioning, and not permitted to obtain the advice of counsel until approximately two months thereafter, at which time he was arraigned before the Monmouth County Grand Jury and allegedly advised for the first time of the charges against him.
Despite the inconsistency between defendant's attack on his conviction under the Carter robbery indictment and the *449 argument in his brief addressed to alleged errors in his convictions under indictments for escape and the McKelvey robbery, and despite his non-compliance with the rules, particularly that which requires a supporting appendix (Rules 1:3-1, 2, as amended; 4:3-1), we proceed to a determination of defendant's so-called appeal.
The correction of a sentence imposing a valid punishment for an offense in the place of an invalid punishment is not a new and separate judgment from which a new appeal may be taken. The case of Bozza v. United States, 330 U.S. 160, 91 L.Ed. 818 (1947), is quite apropos, viz.:
"This Court has rejected the `doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.' Re Bonner, supra (151 U.S. at 260, 38 L.Ed. 153, 14 S.Ct. 323). The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner See King v. United States, 69 App. D.C. 10, 98 F.2d 291, 296. In this case the court `only set aside what it had no authority to do and substituted directions required by the law to be done upon the conviction of the offender.' Re Bonner, supra, at 260. It did not twice put petitioner in jeopardy for the same offense. The sentence as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense."
It is the well settled law of this State that a writ of habeas corpus is not a writ of right, but is issuable only where the applicant shows that he is entitled to it. In re Van Winkle, 3 N.J. 348 (1950); In re Tremper, 126 N.J. Eq. 276 (Ch. 1939), affirmed 129 N.J. Eq. 274 (E. & A. 1941); In re Davis, 107 N.J. Eq. 160 (Ch. 1930). In the Matter of Hill, 2 N.J. Super. 598, 601 (Law Div. 1949), it was held:
"There is authority to the effect that trial errors may not be reviewed by habeas corpus when writ of error or appeal should be employed. In re Caruso, 135 N.J.L. 522, citing In re Rose, 122 N.J.L. 507 and the Davis and Tremper cases, supra."
Cf. In re Graham, 10 N.J. Super. 422, 424 (Law Div. 1950).
Although Janiec has litigated his convictions through *450 several courts, this action, for the first time, raises questions of violations of constitutional rights and procedural errors. We are of the opinion that in view of the defendant's failure to raise these issues previously in the protracted litigation of his convictions, his rather belated assertions of violations of constitutional rights may be justifiably dismissed as spurious. In the Matter of Hill, supra; In re Tremper, supra, at pp. 285, 286:
"But it is equally true that it is the public policy of this state, and to the interest of its citizens, * * * that there should not be undue litigation; and that where the state has provided for the person accused of crime, by means other than habeas corpus, all due and reasonable opportunities for him to obtain for himself the enforcement of the legal and constitutional rights to which he is entitled, he should not be permitted either to harass the state and its citizens by further repeated attempts by legal proceedings to litigate over again that which has been definitely determined against him, nor to endeavor to accomplish a fraud and imposition upon the state and its citizens under the guise of an effort to obtain the benefit of his legal and constitutional rights aforesaid after having had full and ample opportunity to obtain those benefits. As to this, also, the court, on habeas corpus, has a corresponding judicial responsibility."
The judgment of the Mercer County Court is affirmed.