16 N.J. Super. 251 (1951)
84 A.2d 459
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MAURICE JACK MILLER AND ISRAEL MILLER, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 8, 1951.
Decided November 7, 1951.
*254 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Messrs. Maurice Jack Miller and Israel Miller, pro se, for the appellants.
Mr. Donald G. Collester, Passaic County Prosecutor, for the respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
Maurice Jack Miller and Israel Miller were sentenced to State prison on February 15, 1946. On December 5, 1950, they filed in the Mercer County Court a joint petition for the issuance of a writ of habeas corpus. The petition was denied on March 2, 1951, and they appeal.
While we treat a prisoner's appeal in a habeas corpus proceeding with liberality and, as far as feasible, overlook technical defects, the appeal must be determined on the relevant record before this court. Therefore, the factual allegations contained in the briefs which are not supported by the record must be disregarded in the determination of this appeal.
A joint indictment for robbery was returned in Passaic County against the appellants and Donald Zibelli, Mario D'Amore and Dominick Tafuri. On Friday, December 28, 1945, the appellants, Zibelli and D'Amore, who had been apprehended in New York City, waived extradition and were brought to Paterson and lodged in the Passaic County jail. On the following Monday, December 31, 1945, all four were arraigned on the indictment and all pleaded not guilty. *255 On February 11, 1946, the day set for trial, all four entered pleas of non vult to the indictment. On February 15, 1946, each appellant was sentenced to the State Prison for a term of not less than 10 nor more than 15 years.
Appellants' first contention is that they were denied due process because of the delay in arraignment from Friday until the following Monday, in violation of Rule 5(a) of the Federal Rules of Criminal Procedure and Rule 2:3-3 (a) of our Supreme Court Rules. The Federal Rules of Criminal Procedure have no application in our courts. Our Rule 2:3-3 (a), which is substantially the same as Federal Rule 5 (a), requires an officer making an arrest to take the arrested person "without unnecessary delay" before the court or magistrate, and this rule became effective September 15, 1948. No facts are alleged which could support a finding that they were in any way substantially prejudiced by the delay. Cf. State v. Pierce, 4 N.J. 252 (1950). Suffice it to say that even if our Rule 2:3-3 (a) had been in effect at the time and if it applied to arraignment on indictment, the delay involved would not constitute an "unnecessary delay" under the circumstances set forth in the petition.
The second contention is that the indictment is null and void. No facts are alleged which would permit the questioning of the validity of the indictment on habeas corpus. Cf. In re Caruso, 135 N.J.L. 522 (Sup. Ct. 1947); In re Rose, 122 N.J.L. 507 (Sup. Ct. 1939). The sole reason advanced is that the State tacitly agreed that the indictment is faulty by virtue of having re-indicted Tafuri for conspiracy instead of re-trying him for robbery, as originally indicted. This contention is frivolous.
Next it is contended that there was a denial of due process in that the appellants were not represented by counsel and were not advised of their right to have counsel appointed for their defense. The petition contains the following allegations. After they had pleaded not guilty, the prosecutor threatened them that he would invoke separate counts against them if they did not change their pleas to non vult, and *256 promised them that if they did so change their pleas, they would each receive a five- to seven-year sentence. At the time, Israel Miller was subject to a parole violation charge in New York and both appellants were under indictment in New York City. They had retained a New York attorney to represent them on their New York indictment. They conferred with this New York attorney at the Passaic County jail and discussed with him the "threat" of the prosecutor, his promise that they would each receive a five- to seven-year sentence on a non vult plea to the robbery indictment, and the question of changing their pleas of not guilty to pleas of non vult. Rather than stand trial and face the invocation of separate counts against them and the imposition of the extremely large sentence that would naturally follow if found guilty, they decided to plead non vult in order to obtain the five- to seven-year sentence promised by the prosecutor. On the day of sentence, their New York attorney asked permission to speak in their behalf, and it was granted. When he attempted to explain to the judge that appellants were promised a five-to seven-year sentence, the judge interrupted him and pronounced the sentence of 10 to 15 years. They did not request counsel, nor was counsel offered to them at any time, nor did they sign a waiver of counsel.
On the face of the petition it appears that they were represented by counsel, namely, their New York attorney. In order to overcome the effect of his conference with them and his appearance for them, they argue that it cannot be considered representation by counsel, because it must be assumed that their New York attorney was unfamiliar with the New Jersey law. They had counsel of their own choosing and thereafter cannot be heard to impugn his ability or legal knowledge.
More troublesome is the charge that the prosecutor promised them five- to seven-year sentences if they pleaded non vult, and failed to recommend such sentence to the trial court. The appellants in their brief state that this charge is the "crux of their entire case." They make no claim that they were *257 not guilty as charged, or that they sought a trial on the charge when they found that the prosecutor failed to make the promised recommendation, or that the sentence imposed was beyond the power of the court. They frankly concede their prior experiences with the operation of the criminal law and that they were aware of the nature of the charges filed against them, but they argue that they were misled as to the consequences of their plea of non vult by the promise of the prosecutor.
It is the right and duty of the trial court to impose sentence. R.S. 2:192-1, as amended L. 1944, c. 10, § 1. The imposition of the sentence is the formal declaration by the court to the accused of the legal consequences of guilt of the crime charged. Of course, neither the prosecutor nor any assistant to the prosecutor has any authority to make any agreement or promise as to sentence which will bind the court. The fact that a plea of guilty or a plea of non vult was entered in reliance upon an agreement or promise of a prosecutor or an assistant to the prosecutor as to the sentence that would be imposed, standing alone, cannot restrict the power of the court to impose sentence in accordance with law. 24 C.J.S., Criminal Law, § 1563; cf. People v. Griggs, 110 P.2d 1031, 1033 (Sup. Ct. Cal. 1941); Clemons v. United States, 137 F.2d 302, 304 (C.C.A. 4th, 1943). Assuming that such a promise as to sentence was made by the prosecutor, that the appellants changed their pleas in reliance thereon, that without good reason the prosecutor failed to make such recommendation to the court before the imposition of sentence, and that, as here, a much longer sentence was imposed by the court, the failure to make the promised recommendation would violate the concept of fair play and deserve reprimand. While every violation of the concept of fair play is always to be censured, the violation may be great or small and the gravity of the same violation may differ as the setting differs. Its gravity is enhanced when ignorance, youth, or other incapacity of the defendant is involved. Cf. Uveges v. Commonwealth of *258 Pennsylvania, 335 U.S. 437, 93 L.Ed. 127 (1948); State v. Ballard, 15 N.J. Super. 417 (App. Div. 1951). But not every violation amounts to a denial of due process justifying the issuance of the writ of habeas corpus. It must be a violation which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice. Cf. Gibbs v. Burke, 337 U.S. 773, 93 L.Ed. 1686 (1949); Uveges v. Pennsylvania, above. Betts v. Brady, 316 U.S. 455, 86 L.Ed. 1595 (1942); State v. Ballard, above. The violation here does not meet this test. Our conclusion does not leave the appellants without a forum in which to seek relief. They may apply for commutation of sentence under L. 1948, c. 83, and if this charge is found to be true, substantial justice under all the circumstances will be afforded them.
Judgment affirmed.