19 N.J. Super. 70 (1952)
88 A.2d 5
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID TIERSON GRAHAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 31, 1952.
Decided April 14, 1952.
*72 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. David Tierson Graham, attorney pro se.
Mr. Theodore D. Parsons, Attorney-General of New Jersey (Mr. Eugene T. Urbaniak, Deputy Attorney-General, appearing), and Mr. Mario H. Volpe, Mercer County Prosecutor, for the respondent.
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The appellant, David Tierson Graham, is an inmate of State Prison, serving a sentence of from seven to ten years. In the May term, 1947, he was indicted in Indictment No. 11 for possession of indecent *73 pictures, and in Indictment No. 12 for incestuous conduct. At his trial on September 22, 1947, he was represented by two members of the bar. From the court minutes it appears that "By agreement of counsel and consent of the Court, both indictments tried together"; at the end of the State's case, defendant's attorney, Mr. Waldron, moved to dismiss Indictment No. 11 and the motion was granted; the defendant's case was then put in, and "After argument by Mr. Waldron for the defendant and by Mr. Lane for the State and a charge by the Court, the jury retired to consider their verdict with John Kira and Annie Flowers, Court Attendants duly sworn to attend them (Clerk instructed to take verdict in the Court's absence) and having agreed upon their verdict, come again into Court and by their Foreman say they find the defendant guilty and so say they all." On October 3, 1947, the appellant was sentenced on Indictment No. 12 for a minimum term of seven years and a maximum term of ten years.
On October 21, 1950, Graham made application to the Superior Court, Law Division, for a writ of habeas corpus, contending that the sentence on Indictment No. 12 was invalid because he was not present at the rendition of the jury's verdict. The writ was granted and a hearing held thereon. The court minutes, referred to above, were a part of the record of this hearing. At the hearing, Graham testified that he was not present when the jury returned its verdict; and the court clerk, who was present at the trial, and a juror at the trial both testified that they did not remember whether Graham was present at the time or not. On November 27, 1950, the Superior Court, Law Division, entered judgment setting aside the conviction. In re Graham, 10 N.J. Super. 422 (Law Div. 1950). On appeal, the judgment of the Law Division was reversed. In re Graham, 13 N.J. Super. 449 (App. Div. 1951), certif. denied, 7 N.J. 582 (Sept. 10, 1951). Throughout the proceedings on this writ of habeas corpus Graham was represented by counsel assigned by the court.
*74 Thereafter, on November 2, 1951, Graham made another application for a writ of habeas corpus. The present appeal is from the order of the Mercer County Court, dated November 9, 1951, denying this second application.
The first four grounds of illegality alleged are as follows: (1) Indictments No. 11 and No. 12 were consolidated for trial without the knowledge or consent of this appellant; (2) Indictment No. 11 was dismissed on motion made in chambers; (3) the trial court did not inform the public and the jury of the dismissal of Indictment No. 11; and (4) the trial court failed to inform the jury that Indictment No. 11 was dismissed and to disregard all testimony concerning it.
As to the first ground, the record shows that the indictments were consolidated for trial, with the consent of the appellant's attorney. An attorney for a party has implied authority to enter into stipulations and agreements in all matters of procedure during the progress of a trial, which are necessary or incidental to the management of the suit and which affect only the procedure or remedy as distinguished from the cause of action itself; and the party is bound thereby. 5 Am. Jur., Attorneys at Law, § 91. As to the second ground, we cannot understand how the appellant can claim that he was prejudiced by the dismissal of the indictment against him. As to the third and fourth grounds, they amount at most to a claim that the trial court erred in failing to give certain instructions to the jury. If true, they allege no more than a type of trial error which can be reviewed only by writ of error under the old practice or by appeal under our new practice. The time for bringing writ of error or appeal expired long before the application for this writ of habeas corpus was made. The writ of habeas corpus may not be used as a substitute for, or an optional alternative to, a writ of error or an appeal; otherwise the time limit fixed for writ of error or appeal would be wholly ineffectual. Here, the alleged error, claimed to be a denial of due process, is not one which, in its setting, constitutes *75 a denial of fundamental fairness shocking to the universal sense of justice. Therefore, it does not justify the issuance of the writ of habeas corpus. Cf. Gibbs v. Burke, 337 U.S. 773, 93 L.Ed. 1686 (1949); Uveges v. Pennsylvania, 335 U.S. 437, 93 L.Ed. 127 (1948); State v. Miller, 16 N.J. Super. 251 (App. Div. 1951). The fifth ground is that the verdict was returned by a single juror only. The minutes show that the jury, having agreed upon their verdict, came into court and, through their foreman, announced it. This procedure complies with the requirements of R.S. 2:190-14, which was in effect at the time and which provides for the procedure when the verdict of the jury is received by the clerk in the absence of the judge. The sixth ground is that the verdict was returned in the absence of the court and of the defendant and of defendant's counsel. This ground was disposed of in the first habeas corpus proceeding. In re Graham, 13 N.J. Super. 449, above. The last ground is that the verdict was not returned to a person competent to receive it. At the hearing in the first habeas corpus proceeding, the uncontradicted testimony was that the court clerk was properly authorized to take the verdict from the jury and that he did take it. At the time, this procedure was specifically authorized by R.S. 2:190-14, although the practice is now superseded by Rule 2:7-9(a).
The order under appeal is affirmed.