20 N.J. Super. 314 (1952)
90 A.2d 30
IN THE MATTER OF THE APPLICATION OF BENJAMIN DOMAKO FOR WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Appellate Division.
Submitted June 9, 1952.
Decided July 1, 1952.
Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Benjamin Domako, pro se, for the appellant.
*315 Mr. Theodore D. Parsons, Attorney-General of New Jersey, Mr. Eugene T. Urbaniak, Deputy Attorney-General, appearing for the respondent State of New Jersey.
PER CURIAM.
Benjamin Domako, an inmate of State Prison, has made a series of applications for a writ of habeas corpus. In June, 1951, the Appellate Division affirmed the trial court's denial of an application made by him for the writ, and the Supreme Court affirmed. In the Matter of the Application of Domako, 9 N.J. 443 (1952). He made another application for the writ; it was denied in the Mercer County Court on July 30, 1951, and this denial was affirmed by the Appellate Division in October, 1951. In January, 1952, he applied again for the writ; it was denied in the Superior Court, Law Division, and he again appeals.
In 1947, Domako pleaded guilty to four indictments and was sentenced to State Prison. In the application for the writ, which is now under consideration, Domako alleged that his confinement is illegal for the following reasons: (1) "The prisoner's detention of seven days, after arrest, and before being given a hearing in the Magistrate's Court, because of that which transpired, violated the Due Process Clause of the 14th Amendment, and the New Jersey Constitution and its laws"; (2) "Counsel's aid to defendant was insufficient to satisfy the requirement of the Due Process Clause, the proceedings being basically unfair."
In his argument under his first ground, Domako alleges that during the seven-day detention the police interrogated him frequently and his request for counsel was denied. He was subjected to involuntary questioning, accompanied by physical force, which induced the confessions he made. In passing, we observe that he pleaded guilty and no confession of his was used against him. The very same ground was advanced by Domako in his application which was denied by the Mercer County Court on July 30, 1951. The trial court disposed of it adversely to the applicant, and on appeal the Appellate Division affirmed. Our prior disposition controls.
*316 As to his second ground, he admits that he directed his sister to engage an attorney; that his sister did engage an attorney and pay him, and that the attorney did represent him. The papers submitted by him on this appeal include a letter to him from his attorney, dated November 29, 1951, in which the attorney states: "I recall in interviewing you in the County Jail, at which time you admitted you were guilty of all the charges contained in the indictments, that you desired to plead guilty to them. It was your opinion at that time that no purpose would be served by standing trial upon the indictments. And if I recall correctly you signed a waiver for special sessions. I do not remember the exact date when your sister retained me other than the fact that she felt you should have counsel when you appeared for sentence." Domako does not question these statements quoted from the letter. We fail to see how the denial of any fundamental right is involved.
Much of the appellant's brief is made up of quotations from cases which hold that confessions of a defendant, obtained by coercion or under other circumstances which amounted to the denial of constitutional rights, are inadmissible in evidence. Such cases have no application here. As pointed out above, this defendant pleaded guilty and if confessions were made by him, no use was ever made thereof.
The denial of the writ by the trial court is affirmed.