28 N.J. Super. 226 (1953)
100 A.2d 330
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES THOMAS JACOBSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Considered October 26, 1953.
Decided November 10, 1953.
*228 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. Frank J.V. Gimino, Assistant County Prosecutor, counsel for the plaintiff-respondent (Mr. Frederick T. Law, Hudson County Prosecutor, attorney).
Mr. James Thomas Jacobson, pro se.
PER CURIAM.
The defendant appeals from an order of the Mercer County Court discharging a writ of habeas corpus.
An indictment was returned against Jacobson by the Hudson County grand jury (September term, 1945), charging him with murder. At his trial which resulted in a conviction he was represented by two counsel appointed by the court.
Summarizing the facts, the defendant was arrested between 7:00 and 7:30 o'clock in the morning on September 22, 1945 and taken to police headquarters, where it was discovered that he was suffering a dislocated jaw caused by an epileptic seizure. He was removed promptly to the Bayonne Hospital where his jaw was re-set and at about 10:35 A.M. he was returned to police headquarters. Commencing at 1:30 P.M. he was questioned for approximately two hours, resulting in the defendant's written confession. On the same day a written statement was taken by the police from defendant's wife, Harriet, inculpating her husband in the commission of the alleged crime. At the trial, notwithstanding defendant's objections, both statements were admitted in evidence, the defendant's as having been voluntarily made, and the wife's on cross-examination to affect her credibility.
Jacobson's application for a writ of habeas corpus was allowed by the Honorable Richard P. Hughes, Judge of the Mercer County Court. At the hearing thereon, defendant was represented by counsel appointed by the court, and at the conclusion thereof the writ was discharged.
On defendant's appeal, the Appellate Division remanded the matter to the County Court, to the end that Jacobson be *229 permitted to apply to the County Court to re-open the case to submit additional testimony. The County Court acceded to Jacobson's request and the Honorable Clifton C. Bennett, Judge of the County Court, presided at the re-hearing. At the conclusion thereof Judge Bennett also determined that there was no merit to defendant's contentions, and the writ was again discharged. It is from the latter order of dismissal that the defendant appeals.
In seeking a reversal of the dismissal, Jacobson asserts: (1) that his constitutional right of due process was violated in that there was undue delay in his arraignment; (2) that his "confession" was improperly admitted in evidence, because it was taken while he was suffering pain resulting from his dislocated jaw and the resetting thereof, protracted interrogation, and without the benefit of counsel; (3) that at his arraignment he was not informed of his right to counsel; (4) that at his trial he had inadequate counsel; and (5) that the trial court erroneously admitted the inculpatory statement of his wife.
Our consideration of the defendant's contentions and our review of the record convinces us that this appeal is unmeritorious.
Rule 2:3-3 (now R.R. 3:2-3), requires that upon one's arrest, he shall be taken "without unnecessary delay, before the nearest available magistrate." The record fails to reveal any showing of prejudice or harm suffered by the defendant attributable to the alleged undue delay in his arraignment from Saturday, the day of his arrest, until Monday. The mere delay in his arraignment did not make his confession inadmissible. In State v. Miller, 16 N.J. Super. 251 (App. Div. 1951), where the defendant was arrested on Friday and arraigned the following Monday, the court held that such delay would not constitute an unnecessary delay and would not be such a denial of due process as would support a writ of habeas corpus, in the absence of a showing of prejudice. Vide State v. Pierce, 4 N.J. 252, 263 (1950). At the time of defendant's arrest in 1945, the cited rule was not in effect, "but giving full *230 force to Rule 2:3-3, * * * a statement or confession made by the accused is not ipso facto inadmissible solely by reason of the violation of that procedural rule. The test still remains, was the statement or confession voluntarily made?" State v. Bunk, 4 N.J. 461, 472 (1950); State v. Pierce, supra; State v. Schmieder, 5 N.J. 40 (1950); State v. Miller, supra; In re Domako, 20 N.J. Super. 314 (App. Div. 1952).
At the trial, the question of the voluntariness of the confession was raised and on the basis of the testimony adduced thereon, the trial court held that it had been voluntarily made. The admissibility thereof cannot be reviewed by habeas corpus proceedings, but only by appeal. State v. Miller, supra; State v. Graham, 19 N.J. Super. 70 (App. Div. 1952). Cf. Gibbs v. Burke, 337 U.S. 773, 69 S.Ct. 1247, 93 L.Ed. 1686 (1949); Uveges v. Commonwealth of Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127 (1948).
Similarly, in light of the cases hereinabove cited, the attack upon the admissibility of the statement of Mrs. Jacobson must also fall. Such an issue may be reviewed only by appeal.
Nor do we find any substance in the defendant's contention that his constitutional right of due process was violated at his arraignment because he was not informed of his right to counsel. It does not appear that he suffered any harm or prejudice thereby. As a matter of fact, R.R. 3:2-3 (b) (formerly Rule 2:3-3), requiring the magistrate to inform a defendant of his right to retain counsel was not effective at the time of the defendant's arraignment. See State v. Murphy, 87 N.J.L. 515 (E. & A. 1915), for a comprehensive discussion of this question.
The defendant complains that his constitutional right of due process was violated because of the inadequacy of his court appointed counsel. The question of their competency was examined by Judge Hughes at the first habeas corpus hearing, and it clearly appears therefrom that the counsel were competent and experienced. In fact, at the habeas *231 corpus hearing the defendant testified that he was represented by counsel at his trial, that he disclosed to them all of the things to which he testified at the hearing on the return of the writ, and that his counsel said everything to the jury trying that case except what he disclosed with reference to the time spent in the hospital on Saturday morning. It does not appear that at his trial the defendant made any complaint that the conduct of his trial by his counsel was improper. If there had been, then the matter was reviewable by appeal. In re Caruso, 10 N.J. 184 (1952).
It is academic that the writ of habeas corpus is one of right where reasonable cause is shown for the issuance thereof. At the hearing on the writ, the burden rests upon the petitioner to establish his illegal imprisonment. A careful review of the record here satisfies us that Jacobson did not discharge that burden and the County Court was warranted in dismissing the writ.
Judgment affirmed.