36 N.J. Super. 137 (1955)
115 A.2d 125
IN THE MATTER OF THE APPLICATION FOR THE WRIT OF HABEAS CORPUS OF WILLIAM CARDINALE AND CHARLES MONTO, PETITIONERS.
Superior Court of New Jersey, Appellate Division.
Considered June 13, 1955.
Decided June 16, 1955.
*138 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Charles V. Webb, Jr., Essex County Prosecutor, attorney for respondent (Mr. C. William Caruso, Special Legal Assistant Prosecutor, of counsel and on the brief).
Mr. William Cardinale and Mr. Charles Monto, pro se.
PER CURIAM.
Defendants appeal from denial of their respective applications for writs of habeas corpus.
Cardinale was convicted of rape and assault and battery upon a Miss B, and assault with intent to rape as well as assault and battery on a Miss P. Monto was also convicted for the latter offense as well as for aiding and abetting Cardinale in committing the rape. We need not concern ourselves with the other two men involved in the episodes which resulted in four indictments variously charging them with participation in the series of criminal acts.
*139 On June 14, 1950 Cardinale was sentenced to State Prison for 7 to 10 years on each of his two convictions, to run concurrently. Monto received similar sentences. They appealed, claiming, among other things, that the verdict was against the weight of the evidence. The details are set out in an unreported opinion of the Appellate Division affirming the convictions. The Supreme Court in March 1952 denied certification because filed out of time.
At the end of January 1955 defendants filed their separate petitions for a writ of habeas corpus. Both applicants claim their imprisonment was the result of "unlawful, illegal, unjustifiable convictions on false original processes obtained by fraud by the Prosecutor's Office of Essex County * * * in the nature of indictments"; that the indictments "fraudulently" charged them with the crimes laid therein; and that they were "unlawfully and illegally sentenced" to State Prison. Further, they claim they were "unlawfully tried" on "two fraudulent bill of indictments"; that their convictions and sentences were therefore "null and void"; that there were "substantial defects in the prosecution and the court's duty in carrying out some of the requirements of law"; and that they had been deprived of their constitutional rights under the 5th and 14th Amendments to the Federal Constitution. In their "Statements of Facts" they detailed the "fraud" allegedly perpetrated on their respective counsel by the prosecutor's office before they were brought to trial. On February 28, 1955 the assignment judge for Essex County denied the requested writs after setting out his reasons in separate memoranda, unpublished.
Notice of appeal was filed March 7, 1955. The briefs were not filed until May 9, 1955, long after the 30-day period following the filing of the notice of appeal had expired. R.R. 1:7-12(a) and 2:7-3. We will nonetheless dispose of the appeals on the merits since defendants contend they are being deprived of their fundamental rights.
The writ of habeas corpus is not a writ of right; it issues only where the applicant shows he is legally entitled to it. State v. Cynkowski, 10 N.J. 571 (1952); State v. *140 Janiec, 15 N.J. Super. 445 (App. Div. 1951), certiorari denied 342 U.S. 894, 72 S.Ct. 203, 96 L.Ed. 670.
Defendants may not use a habeas corpus proceeding to attack the validity of an indictment, State v. LaBattaglia, 30 N.J. Super. 1 (App. Div. 1954); this must be done by way of appeal, and the time for doing so has long passed. In fact, defendants attacked the legality of the indictments in their first appeal which resulted in an affirmance of their convictions. What they are actually doing here is attempting to use the writ of habeas corpus to circumvent not only that affirmance, but the subsequent denial of certification by the Supreme Court.
Defendants' charge of "fraud" perpetrated by the prosecutor's staff is based on their bare allegation that the assistant prosecutor did not believe the charges lodged against them and promised to proceed on the lesser charge of fornication after public clamor had died down. The charge, even if true, is not a ground for issuing the writ. In the first place, it is the office of the grand jury to decide, after considering the proofs presented before it, on what charges a defendant will be indicted. The grand jury returned four such indictments. Any promises the prosecutor may have made do not help a defendant. The trial jury, and that jury only, passes upon whether the accused should or should not be convicted in the light of the evidence before it. The prosecutor has no authority to make any agreement on the subject of guilt of a particular crime, or sentence. State v. Terry, 30 N.J. Super. 288 (App. Div. 1954); State v. Pometti, 23 N.J. Super. 516 (App. Div. 1952), affirmed 12 N.J. 446 (1953); State v. Miller, 16 N.J. Super. 251 (App. Div. 1951), certiorari denied 342 U.S. 934, 72 S.Ct. 379, 96 L.Ed. 695 (1942).
The simple fact is that the State proved its case beyond a reasonable doubt  at least this is the significance of the Appellate Division's rejection of defendants' claim that the verdict was against the weight of the evidence. Of course, any deficiency in proof or alleged error committed at the trial is a matter reviewable by way of appeal from the judgment *141 of conviction, and may not be advanced as a legitimate ground for attack by way of habeas corpus. State v. LaBattaglia; In re Caruso, 135 N.J.L. 522 (Sup. Ct. 1947).
Defendants raise 19 points in their joint brief. Point 1 alleges misconduct and fraud on the part of the prosecutor's staff, and Point 17 deals with the allegedly fraudulent character of the indictments. The other 17 points relate to matters concerning the trial, the quality of the evidence, the examination of witnesses for the State, incidents in the course of the trial, the conduct of the assistant prosecutor during the trial and in summation, and the court's charge as well as its refusal to charge certain requests. None of these matters was set out in the original petitions for the writ. We need not consider them on appeal. They do not involve a question of public policy or jurisdiction, State v. Taylor, 5 N.J. 475, 480 (1950); we therefore deal only with such questions as were raised below. State v. Hardman, 10 N.J. 468 (1952). But examining all of the 17 points made, all we have is alleged trial errors, and these, as already noted, have never been a proper subject for review by way of habeas corpus proceedings. In re Caruso, 10 N.J. 184, 190 (1952).
This appeal has no more substance than the basic reason assigned by defendants for pursuing it. They say, with almost disarming candor:
"* * * after all it's a short life to begin with and rather than not to unintentionally [sic] insult the Prosecutor's Office or anybody else for that matter and spend any more years of unjustifiable imprisonment anybody would take advantage of the true defense we are fortunate enough to finally realize we possess because any defense is better than none at all and just hope for the best, which is all we can do and what we defendants are doing."
Affirmed.