## OPINION OF THE COURT

**PER CURIAM:**

This is an appeal from a denial of a petition for habeas corpus, which alleged that the procedure by which the grand jury returned a series of indictments against George C. Riley was improper under New Jersey law, and that Riley's pleas of guilty to those indictments were involuntary.

In 1965 the Monmouth County, New Jersey, grand jury returned five indictments against Riley. At arraignment, Riley pleaded "not guilty" to all the charges against him, but later changed his plea to "guilty" regarding two of the five indictments. The first indictment charged Riley with rape, and the second indictment charged robbery. Sentences were imposed on such charges, and Riley is currently in prison pursuant to each sentence.

The Honorable Lawrence A. Whipple, United States District Judge for the District of New Jersey, decided it was unnecessary in this case to appoint counsel and to hold a full evidentiary hearing, because the underlying facts had been fully developed previously in extensive state proceedings brought by the petitioner. United States ex rel. Riley v. New Jersey, Civil Action No. 20–68 (D.C.N.J. filed July 11, 1969). After considering the facts established at the state hearings, Judge Whipple found that Riley had voluntarily and knowingly pleaded guilty, and that the New Jersey court which accepted Riley's guilty pleas and imposed sentence had jurisdiction to do so.

Riley's contention that the procedure by which he was indicted violated New Jersey law is without merit. The New Jersey courts have fully considered the method of indictment employed in this case and have found no error of state law.[1] Riley has not articulated any applicable federal constitutional considerations which might prohibit New Jersey's method of indictment, nor do any federal constitutional violations appear on the record.

In light of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), we have carefully examined the transcript of the extensive hearings held in the State Courts. Based on that examination, we agree it was unnecessary for the District Court to hold an evidentiary hearing, and we find that the District Court's decision on the merits is amply supported by the record.

Accordingly, the decision of the District Court will be affirmed.

In the Matter of Kenneth L. Osborn, **Kenneth L. OSBORN, Appellant.**

**Kenneth L. OSBORN, Appellant,**

v.

**Harry E. RUSSELL.**

**UNITED STATES of America ex rel. Kenneth L. OSBORN, Appellant,**

v.

**Harry E. RUSSELL.**

**Kenneth L. OSBORN, C–3638, Appellant,**

v.

**Harry E. RUSSELL.**
**Nos. 18041–18043 and 18174.**

United States Court of Appeals, Third Circuit.

Submitted Nov. 16, 1970.

Decided Dec. 3, 1970.

---

1. See, State v. Riley, 97 N.J.Super. 542, 235 A.2d 503 (Monmouth County Ct. 1967) ; State v. Riley, 101 N.J.Super. 402, 244 A.2d 513 (App.Div.1968) ; State v. Riley, 53 N.J. 576, 252 A.2d 153 (1969).

that the Pennsylvania courts indeed rejected on his direct appeal the same constitutional contentions Osborn now raises in the federal courts. It is well settled that no more is required of Osborn by the doctrine of exhaustion of remedies. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1963); United States ex rel. Fletcher v. Maroney, 413 F.2d 16 (3rd Cir. 1969); United States ex rel. Howard v. Russell, 405 F.2d 169 (3rd Cir. 1969).

Accordingly, the dismissal of the habeas corpus petitions will be reversed and the case remanded in order that the district court may verify that Osborn has exhausted the remedies provided by Pennsylvania, and thereafter determine the merits of Osborn's claims.

---

Kenneth L. Osborn, in pro. per.

David P. Truax, Asst. Dist. Atty., Meadville, Pa., for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and ADAMS, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Relator Osborn has filed four petitions for Habeas Corpus in the District Court for the Western District of Pennsylvania. Chief Judge Wallace Gourley [1] reviewed the papers filed by Osborn and because these papers did not indicate that Osborn had pursued remedies under the Post Conviction Hearing Act of the Commonwealth of Pennsylvania, the District Court denied the petitions on the ground Osborn had failed to exhaust state remedies.

However, it appears from the documents filed by Osborn in Civil Action No. 69–14 and from statements contained in the Commonwealth's brief to this Court that Osborn exhausted his state remedies on direct appeal and

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**AUTOTRONICS, INC., Respondent.**

No. 20170.

United States Court of Appeals, Eighth Circuit.

Dec. 7, 1970.

---

1. Since the entry of the order in question, Chief Judge Gourley has assumed Senior Judge status.