STATE, EX REL. RUFUS W. PEACOCK, v. THE JUDGES OF THE COURT OF GENERAL QUARTER SESSIONS OF HUD-SON COUNTY.

> Under the act of 1883, (*Pamph. L., p.* 230,) providing that where a person shall have pleaded guilty to any indictment or accusation, a writ of error shall not stay the proceedings upon the judgment; a plea of *nolo contendere* is equivalent to a plea of guilty.

---

This is an application for a writ of *mandamus* to the respondents, requiring them to take bail upon a conviction, judgment and writ of error taken in the case of State *v.* Rufus W. Peacock.

Argued at February Term, 1884, before Justices REED and PARKER.

For the relator, *T. Ryerson* and *James Flemming.*

For the respondents, *E. T. Paxton.*

The opinion of the court was delivered by

REED, J. The facts upon which the present application is made are substantially as follows: The relator was indicted, with Cory and Harrington, for conspiracy. After a plea of not guilty had been withdrawn and a motion to quash the indictment had been overruled, a trial of the defendants Peacock and Harrington was commenced, but, before its conclusion, Peacock, with the consent of the prosecutor and with the permission of the court, entered a plea of *nolo contendere,* and Harrington was acquitted.

Judgment, after a motion in arrest of judgment had been overruled, was pronounced, sentencing the relator to the state prison. A writ of error was sued out of this court to remove the said judgment here. The relator then applied to the Court of Quarter Sessions to be admitted to bail, and for an order staying proceedings upon the judgment, both of which applications the court refused to allow upon the ground that the plea of *nolo contendere* was, so far as concerned the judgment and execution in the cause, equivalent to a plea of guilty, and so, by force of the provisions of the act of 1883, (*Pamph. L.*, *p.* 230,) the taking of a writ of error did not stay execution. The text of that act is as follows: "That in no case, hereafter, in this state, in which a person shall have pleaded guilty to any indictment or accusation, shall a writ of error have the effect of staying the proceedings upon the judgment and sentence which the court or any judge thereof may have pronounced against the person or persons obtaining or prosecuting such writ of error." The object of this legislation is apparent. It is to prevent delay in the execution of the criminal law, while writs of error are pending, whenever the defendant has confessed the truth of the accusation against him, and not contested the charge before a jury. A plea of *nolo contendere* is an implied confession of the crime of which he is charged. 1 *Burn's Just.* 388; 2 *Hawk. P. C.* 225. The difference between this implied confession and the express confession by plea of guilty is, that after the latter "not guilty" cannot be pleaded to an action of trespass for the same injury, whereas it may at any time be done after the former. 1 *Chitty Crim. Law* 293. In fact, the only difference between the significance of the two pleas is in the force each has upon a collateral proceeding. The implied confession is only for the purpose of the prosecution in the course of which it is entered, while the plea of guilty in that form may be used against the defendant in a civil suit. 1 *Bish. Crim. Pro.*, § 802; 1 *Whart. Crim. Law*, § 533.

In the same cause the established practice is to treat the plea of *nolo contendere* as operating as an admission of the

truth of the charge as fully as if the technical plea of not guilty had been interposed. Judgment is entered, execution of the judgment follows, and the right of review to exactly the same extent is accorded to the defendant who has pleaded not guilty as to him who has gained permission to enter the plea of *nolo contendere.*

We think that the relator, by his plea, has placed himself in a position where, by the terms of the act of 1883, he is not entitled to a stay of proceedings upon the judgment by reason of his taking a writ of error. This being so, the Court of Quarter Sessions were right in refusing to take bail, inasmuch as the duty of the court in that respect was dependent upon the fact that the proceedings were stayed by the writ of error. *Pamph. L.* 1881, *p.* 88.

The writ is refused.