## PATRICK CLARK v. THE STATE.

57  489
58  383

A motion in a criminal case to withdraw a plea of guilty and to substitute therefor one of not guilty, is addressed to the discretion of the court, and, consequently, the court's action is not the subject of error.

---

On error to the Camden Quarter Sessions.

For the plaintiff in error, *John J. Crandall.*

PER CURIAM.

The plaintiff in error being indicted and arraigned for the commission of a misdemeanor, pleaded guilty in open court.

Some days afterwards he applied to the court to be permitted to withdraw such plea and to traverse the charge. This motion was refused, and it is now insisted that in so doing the court committed an error in law.

We find no basis for this appellate procedure. When an application is made in a criminal case to recall a plea of guilty and to plead *de novo*, it is a matter addressed to the discretion of the court. This has always been the doctrine prevailing from the earliest times in this state. Any other rule would be replete with mischief. By its force a defendant could plead guilty, and then, after the witnesses on the part of the state had been discharged, could come into court and claim as a right to take back his confession of guilt, and put the state to its proof. Fortunately, such is not the practice.

When the defendant in this case asked to plead anew, the application was addressed to the discretion of the court; the action of the court, under such circumstances, is not appealable, consequently this writ must be dismissed.