PATRICK CLARK, PLAINTIFF IN ERROR, v. THE STATE OF
NEW JERSEY, DEFENDANT IN ERROR.

The withdrawal of a plea of guilty in a criminal case, and the substitution
of a plea of not guilty, is not a right which the law gives to the de-
fendant, but is a matter which is addressed to the discretion of the
court.

On error to the Supreme Court.   For opinion of Supreme
Court, see 28 *Vroom* 489.

For the plaintiff in error, *John J. Crandall.*

For the state, *Wilson H. Jenkins.*

PER CURIAM.

The plaintiff in error was indicted by the grand jury of
Camden county for an atrocious assault, and, upon his
arraignment before the Court of Quarter Sessions of that
county, pleaded guilty to the charge.   Subsequently, and
when he was brought before the court for sentence, he asked
leave to retract his plea of guilty and enter a plea of not
guilty to the charge.   This application was refused, and
sentence pronounced upon him by the court.

This refusal on the part of the court, it is insisted on the
part of the plaintiff in error, was in violation of his legal
right, and we are asked to set aside the judgment below on
that ground.

The Supreme Court, in the case of *Clark* v. *State*, 28
*Vroom* 489, considered the question of the right of a defend-
ant, who had pleaded guilty to an indictment against him, to
withdraw such plea subsequently and traverse the charge, and
reached the conclusion that the withdrawal of such a plea was
not a matter of right, but was addressed to the discretion of
the court.   We concur in the exposition of the law on this
·subject contained in the opinion in that case.

There was no error in the refusal of the trial court to permit the withdrawal of the plea of guilty and the entering a plea of not guilty, and the writ of error in this case must therefore be dismissed.

*For dismissal*—THE CHANCELLOR, GARRISON, GUMMERE, LUDLOW, LIPPINCOTT, MAGIE, BOGERT, BROWN, KRUEGER, SIMS, SMITH, TALMAN.   12.