## THE STATE, DEFENDANT IN ERROR, v. HARRIS ALDERMAN, PLAINTIFF IN ERROR.

Submitted December 5, 1910—Decided March 6, 1911.

1. Where a defendant pleaded *nolo contendere* to an indictment for conspiracy, and when arraigned for sentence moved in arrest of judgment on the ground of the insufficiency of the indictment, he cannot upon such motion avail himself of objections which in the absence of his plea would have been proper matters for presentation by motion to quash.
2. The legal intendment of the forty-fourth section of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 881) is to preclude a defendant who has indicated by a plea of *nolo contendere* acquiescence in the regularity and sufficiency of the proceedings in point of law, from thereafter attacking such proceedings for matters of form or substance apparent on the record.

---

On error to the Supreme Court.

For the defendant in error, *Wilbur A. Mott,* prosecutor of the pleas.

For the plaintiff in error, *Samuel Kalisch.*

The opinion of the court was delivered by

MINTURN, J. The plea of *non vult,* or *nolo contendere,* was interposed by the defendant, and accepted by the Court of Quarter Sessions of Essex county, to an indictment charging the defendant and another with conspiring to cheat and defraud the Balbach Refining Company of Newark of its property by fraudulently mixing with the average samples of goods before they were assayed, copper metal and other material of the company whereby the value of the samples was increased and a false and fictitious value was given to the product to the loss of the company.

When arraigned for sentence defendant's counsel moved for leave to withdraw the plea of *non vult* and enter a plea of not guilty.

The motion was denied, and counsel then moved in arrest of judgment on the ground that the indictment failed to show an offence committed within the county, but rests upon conclusions drawn from unstated facts.

This also was denied, and upon an exception entered, the record was brought to the Supreme Court where an affirmance of the conviction resulted.

At common law the entry of the plea *nolo contendere* carried with it an implied confession of guilt, whereby, while the defendant did not expressly own himself guilty, he tacitly admitted it by throwing himself upon the mercy of the court. *State* v. *Henson,* 37 *Vroom* 601; *Com.* v. *Horton,* 9 *Pick.* (*Mass.*) 206.

The early records of this ancient plea state the fact to be that the defendant is unwilling to contest the question with the crown, and, therefore, throws himself upon the mercy of the court. *Non vult contendere cum domina regina, et ponuit se in gratiam curiæ.* 2 *Hawk. P. C.* 31; *Regina* v. *Templeman,* 1 *Salk.* 55.

The effect in practice was that there was nothing left for the court to do except to impose sentence. *Com.* v. *Ingersoll,* 145 *Mass.* 381.

The effect upon the defendant's legal *status* was that he thereby waived all *formal* defects in the proceedings which he could have availed himself of by a plea to the merits, a plea in abatement, a demurrer or a motion to quash. *Com.* v. *Hinds,* 101 *Mass.* 209, 210.

Once the plea was entered, unless retracted by leave of the court, defendant's only avenue of escape was by motion in arrest of judgment, based, of course, upon some inherent fatal defect apparent in the record, as that the indictment charged no offence.

This legal *status* has been supplemented by the forty-fourth section of our Criminal Procedure act (*Pamph. L.* 1898, *p.* 881), which closes the only remaining legal aperture the common law presented. It provides that "Every objection to any indictment for any defect of form or substance apparent on the face thereof shall be taken by demurrer or motion to quash

such indictment, before the jury shall be sworn and not afterwards."

The plain intendment manifested by the language, as well as the clearly indicated spirit of this legislative direction and prohibition, is that after the defendant shall have placed himself in a posture before the court of indicating his consent to go to trial upon the merits, which, in the case of a jury trial is indicated by allowing the jury to be sworn, he is precluded from thereafter challenging the indictment for any defect of form or substance which he might have availed himself of at an earlier stage of the case by demurrer or by motion to quash. This construction of the act is consonant with the fundamental rule of construction and interpretation and with the basic public policy of the law which concedes to the defendant his day in court and which makes for the proper and equitable facilitation of legal procedure. "The fairest and most rational method to interpret the will of the legislator is by exploring his intentions by signs the most natural and probable. And these signs are either the words, the context, the subject-matter, the effects and consequences, or the spirit and reason of the law." 1 *Blacks. Com.* 59.

And in this spirit it has been laid down as a general rule that "statutes relating to remedies and procedure are to be liberally construed with a view to the effective administration of justice; and this is especially true of statutes designed to render the methods of procedure more simple and convenient." *Hoguet* v. *Wallace,* 4 *Dutcher* 523; *Black. Interp. L.* 310; 36 *Cyc.* 1188, and cases.

The resultant and only remaining inquiry is, whether the defendant could have availed himself by demurrer or motion to quash of the defence of which he now seeks to avail himself. At common law the legal effect of a demurrer to an indictment was to admit the truth of the facts sufficiently alleged and to raise the objection that, as matter of law, such facts constituted no offence which defendant under the law was bound to answer. 4 *Blacks. Com.* 334; *Com.* v. *Trimmer,* 84 *Pa. St.* 65.

The motion to quash attacked the sufficiency of the indict-

ment because of a defect apparent on its face or on the face of the record. *State* v. *Rickey*, 4 *Halst.* 293; *Gibbs* v. *State*, 16 *Vroom* 379.

The attack by demurrer could be made only after arraignment and generally before a plea to the merits; but in the absence of such a statute as that *sub judice*, the motion to quash could be made at any time after indictment and before verdict. *Nicholls* v. *State*, 2 *South.* 621; *Com.* v. *Chapman*, 11 *Cush.* (*Mass.*) 422; *Com.* v. *Donahue*, 126 *Mass.* 51.

Obviously, therefore, the question presented upon this motion was the subject either of a demurrer or a motion to quash before the interposition of the plea of *nolo contendere;* and the manifest purpose of the remedial legislation under consideration can be subserved only by denying this motion and sustaining the conviction.

The judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, CONGDON, SULLIVAN, JJ. 12.

*For reversal*—None.