14 N.J. Super. 319 (1951)
82 A.2d 213
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL PIRACCI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided June 29, 1951.
*321 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Michael Piracci, pro se, for the appellant.
Mr. Francis V.D. Lloyd, Acting Prosecutor, Bergen County, and Mr. Paul T. Huckin, Deputy Attorney-General of New Jersey, for the respondent.
The opinion of the court was delivered PER CURIAM.
The defendant was indicted, entered a plea of guilty, sought unsuccessfully to withdraw the plea, and was sentenced on March 16, 1949. He did not appeal but on September 11, 1950, he filed a petition for writ of habeas corpus which alleged, among other matters, that his plea of guilty was not "voluntarily and understandingly made" and its withdrawal should have been permitted, and that he was not "adequately and properly" represented by counsel. The lower court denied his petition without hearing and he has appealed, in forma pauperis, from its action.
The petition and its annexed documents indicate that on January 12, 1949, the defendant pleaded not guilty and wished to represent himself because he had "no money" for an attorney. The defendant was then remanded to jail and the matter was set for trial on February 28, 1949. On that date the defendant stated that he thought an attorney was being assigned to him but the court expressed its recollection that the defendant had stated that he did not wish an attorney and would represent himself. The assistant prosecutor *322 then asked the defendant whether he still wished to go on trial or was prepared to enter a plea, but without awaiting any answer by the defendant the court stated that it would not accept a plea without assigning counsel. Thereupon the assistant prosecutor recommended that Mr. Myers be assigned by the court to represent the defendant and that was done. Mr. Myers who was then in the courtroom conferred immediately with the defendant, withdrew the earlier plea of not guilty, and entered a plea of guilty on the same day. The defendant was again remanded to jail to await sentence which was fixed for March 9, 1949. On March 9 the date for sentencing was adjourned until March 16, 1949, Mr. Myers withdrew as counsel, and Mr. Okin was substituted in his stead. On March 16, 1949, Mr. Okin applied to withdraw the plea of guilty, enter a plea of not guilty, and thereafter proceed to trial, but this application was denied and the defendant was sentenced.
In its letter opinion dated November 2, 1950, the lower court acknowledged that there may have been a misunderstanding on January 12, 1949, and the assignment of counsel immediately before trial on February 28, 1949, may have been unfair, but found that the defendant had "understandingly authorized" Mr. Myers to withdraw his earlier plea and enter a guilty plea and had concluded to disaffirm his guilty plea only after he learned of substantial sentences imposed upon co-defendants who had pleaded guilty. We incline to agree that if those were the actual circumstances the lower court's denial of the petition was well within its authority. However, we are not satisfied that a determination that those were the circumstances may properly be made solely on the basis of the petition in the instant matter and without the benefit of evidence available at hearing. The petition is inartistically drawn but the defendant is nevertheless, at this stage of the proceeding, afforded the benefit of its allegations and the reasonable inferences which might be drawn therefrom. The defendant was entitled to "the services of an attorney devoted solely to the interests of his *323 client." Von Moltke v. Gillies, 332 U.S. 708, 725, 92 L.Ed. 309, 321 (1948). He was likewise entitled, after receiving legal advice from such attorney, to make his voluntary determination as to whether to plead guilty or proceed to trial. Waley v. Johnston, 316 U.S. 101, 86 L.Ed. 1302 (1942). If he had the services of such attorney and made such voluntary determination, then his plea of guilty was properly permitted to stand and the trial court did not exceed its discretionary powers in declining to permit its later withdrawal. Clark v. State, 57 N.J.L. 489 (Sup. Ct. 1895), affirmed 58 N.J.L. 383 (E. & A. 1895). If the facts were to the contrary, then presumably he should be afforded an opportunity to stand trial.
It seems to us that, under the particular circumstances presented, the defendant should have been granted a hearing on his petition with adequate opportunity to the parties to introduce material evidence on the issues presented. To that end the cause is remanded to the lower court for further proceedings in accordance with this opinion.