STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
BENJAMIN PHILLIPS, JR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Considered May 19, 1952—Decided June 3, 1952.

Before Judges EASTWOOD, BIGELOW and FRANCIS.

*Mr. William A. O'Brien* for the plaintiff-respondent (*Mr. Horace K. Roberson*, Prosecutor of the Pleas, County of Hudson, attorney).

*Mr. Benjamin Phillips, Jr., pro se.*

The opinion of the court was delivered by

EASTWOOD, S. J. A. D.    On September 18, 1951, the defendant made a written application to Judge August Ziegener, of the Hudson County Court, to correct the alleged illegal sentence imposed upon him.    Judge Ziegener denied Phillips' application on September 25, 1951.    No appendix was filed with this court by the defendant, thereby necessitating an examination of the file.    We find therein an application by Phillips, dated October 2, 1951, addressed to the Appellate Division "for leave to appeal the denial for the writ of *habeas corpus*—Indictment No. 63, 1949 Term, Accusation of Indecent Exposure."    This application, entitled "Notice of Appeal," evidently intended as an appeal from

Judge Ziegener's denial, was filed in the office of the Clerk of Mercer County on March 27, 1952.

In the aforementioned "Notice of Appeal," the defendant states:

"It is the contention of the defendant, that the statute of limitation has/had expired at the time of the imposition of sentence and therefore, the term of imprisonment was null and void due to the expiration of such statute of limitations denial of 'speedy trial' *Rule* 2:12–4 (b) ; *Rule* 48, *Federal Rules of Criminal Procedure*, 1950, *Title* 18, *U. S. Code*:."

On September 27, 1949, the Hudson County grand jury returned an indictment against Phillips, charging him with having committed a notorious act of public indecency, in violation of *R. S.* 2:140–1. On October 13, 1949, he was arraigned and entered a' plea of not guilty. On March 14, 1951, the indictment was placed upon the calendar for trial. The defendant was represented by .counsel, with whom he consulted, and thereupon retracted his former plea of not guilty and entered a plea of *non vult*. In the affidavit of his counsel, James N. Pappas, made a part of the State's appendix, Mr. Pappas states that he "represented and advised the defendant in the above matter, at which time a plea of *non-vult* was entered. This plea was explained by me to him and to his sister. The Court also explained the plea to him." Before imposing sentence upon Phillips, the court, under authority of the provisions of *L.* 1949, *c.* 20, now *N. J. S.* 2A:164–3 *et seq.*, made an order providing for a mental examination of the defendant. On June 26, 1951, after receipt of the report of that examination, the court imposed a sentence of not less than two and one-half years nor more than three years in State Prison and a fine of $1,000, besides the costs of prosecution. From the time of Phillips' indictment to the time of trial, he was at all times at liberty on bail in the amount of $1,000.

In view of the fact that the State has not interposed any objections to the procedure adopted by the defendant in the presentation of his application to Judge Ziegener and the

prosecution of his appeal from Judge Ziegener's determination, we will proceed to a consideration and determination of the questions raised.

In the first place, the validity of the sentence imposed upon the defendant cannot be successfully assailed. The defendant entered a plea of *non vult* to the indictment charging him with open lewdness in violation of *R. S.* 2:140–1, now *N. J. S.* 2A:115–1, a conviction thereof being denominated a misdemeanor. Such a plea is equivalent to a plea of guilty. *Kravis v. Hock,* 136 *N. J. L.* 161 (*E. & A.* 1947); *State v. Griffith,* 14 *N. J. Super.* 77, 82 (*App. Div.* 1951). *R. S.* 2:103–6, now *N. J. S.* 2A:85–7, *N. J. S. A.,* provides that one found guilty of a crime declared by statute to be a misdemeanor, and for which no punishment is specifically provided, shall be punished by a fine not exceeding $1,000, or by imprisonment for a term not exceeding three years, or both. It thus appears that the sentence was clearly within the statutory limits.

Nor do we find any merit in the defendant's contention that he was denied his constitutional right to a speedy and public trial and, therefore, the statute of limitations had expired at the time of the imposition of sentence and the sentence was null and void. The applicable *Rule,* 2:12–4(*b*) (4:2–6) reads:

"At any time after six months following the return of an indictment or the filing of an accusation, the Assignment Judge may direct that the trial of the indictment or accusation shall be moved upon a day specified. Upon failure of the prosecuting attorney to comply with such order the court may order the indictment or accusation dismissed, which dismissal shall be the equivalent of a judgment of acquittal."

In commenting upon this rule, Mr. Waltzinger. in 1 *New Jersey Practice* 242, states:

"Paragraphs (*b*) and (*c*) of this rule should be read in conjunction with *Rules* 2:9–1 (*b*) and 2:9–1 (*c*) relating to bail on failure to try or failure to indict. The Assignment Judge can force a case on for trial and if the trial is not held he can dismiss the indictment

or accusation. * * * The application of the rules in para-
graphs (b) and (c) are entirely discretionary. A defendant should
under this rule have the right to apply for relief under paragraphs
(b) and (c) although the rule does not specifically so state * * *."

Here, the trial court did not direct "that the trial of the
indictment or accusation shall be moved upon a date specified."
Such action by the court being a discretionary matter, it will
be presumed that the court exercised its discretion in a
proper judicial spirit, and that such reasons were before the
court to justify the delay. Nor does it appear that the
defendant was prejudiced or harmed in any way thereby.
Phillips, although free on bail from the time of his indict-
ment until the time of his sentence, never made any applica-
tion to the court for a trial of the indictment returned against
him. The historical legislative enactments pertaining to
the writ of *habeas corpus* are extensively reviewed in the
cases of *State v. Garthwaite*, 23 *N. J. L.* 143 (*Sup. Ct.* 1851);
*Patterson v. State*, 50 *N. J. L.* 421 (*E. & A.* 1888) and *In re
Thompson*, 85 *N. J. Eq.* 221 (*Ch.* 1915). In the *Patterson*
case, wherein the court considered the defendant's contention
that he "was entitled to his discharge because his trials were
unreasonably delayed," the court held, *inter alia*:

"* * * The right under the *habeas corpus* act becomes complete
upon the prisoner's duly petitioning to be brought to trial and the
failure to try him for two terms after commitment. The right under
the other act becomes complete upon the failure to try the prisoner
for two terms, after issue joined upon the indictment, and the omis-
sion of the court to allow, for just cause, further time for trial."

It seems clear from the *Patterson* case, that to entitle a
prisoner to his discharge under the statutes then existing and
now presently controlled by *Rule* 2:12–4, he should prelim-
inarily make application to the court at the appropriate time
for his discharge because of the lack of prosecution and
show an unreasonable denial thereof by the court. In the
case of *Pietch v. United States*, 110 *Fed. 2d* 817, 819, 129
*A. L. R.* 563 (*C. C. A.* 10 1940), construing the federal rule,
the court stated:

"A person charged with a crime cannot assert with success that his right to a speedy trial guaranteed by the Sixth Amendment to the Constitution of the United States has been invaded unless he asked for a trial. In the absence of an affirmative request or demand for trial made to the court it must be presumed that appellant acquiesced in the delay and therefore cannot complain."

*Cf. State v. Dilts,* 76 *N. J. L.* 410 *(Sup. Ct.* 1908).

In a one-page memorandum filed by the defendant entitled "My Briefs," he argues that the evidence does not warrant his conviction. He asserts also that "he signed no statement conserning my case." However, in the State's appendix, there is a purported confession of the defendant, wherein he admits the commission of the crime and furnishes details thereof. In view of his plea there was, of course, no trial. Had there been, the weight of the evidence and trial errors could have been raised only by appeal—not through the medium of a *habeas corpus* proceeding. *In re Graham,* 13 *N. J. Super.* 449 *(App. Div.* 1951), certif. den. 7 *N. J.* 582 (1951).

The appeal is dismissed.