23 N.J. Super. 516 (1952)
93 A.2d 409
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EUGENE POMETTI, KNOWN ALSO AS EUGENE LAMONT, DEFENDANT-APPELLANT (TWO CASES).
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1952.
Decided December 11, 1952.
*517 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Donald G. Collester argued the cause for the plaintiff-respondent.
Mr. Frank A. Palmieri argued the cause for the defendant-appellant.
*518 The opinion of the court was delivered by EASTWOOD, S.J.A.D.
The question for determination is whether the defendant is entitled to elect to withdraw his plea of nolo contendere as of right, or whether it is discretionary with the court to permit the defendant to do so.
On November 27, 1951 the Passaic County grand jury returned three indictments against the appellant Eugene Pometti and others, charging the crime of conspiracy to commit an abortion upon three females, the indictments being numbered 462, 463 and 464. On application of the State, the court granted a severance for the trial of Pometti. On March 24, 1952 the trial of Pometti on indictment 463 was proceeded with, resulting in a verdict of guilty.
On April 22, 1952 the defendant, being granted leave to retract his original pleas of not guilty to indictments 462 and 464, pleaded "nolo contendere" thereto. On May 16, 1952, the adjourned date for sentence, the prosecutor moved for sentence. Whereupon, defense counsel requested permission of the court to withdraw the pleas of nolo contendere theretofore entered to indictments 462 and 464 and to substitute a plea of "not guilty." The defendant appeals from the trial court's denial of his motions. Defendant was sentenced on each of the three indictments to a term of not less than two nor more than three years in State Prison, and a fine of $1,000, the terms to run consecutively.
Defendant argues that a motion to withdraw a plea made before the imposition of sentence is one of absolute right, except where the State proves the defendant is endeavoring to perpetrate a fraud upon the court; and that the refusal of the trial court to permit him to submit proof in support of his motion to withdraw his plea was error.
Initially, we feel it would not be amiss to point out that our rules provide that motions be made in writing on notice to the adversary. Rule 2:12-3; Rule 2:12-5. In this matter, however, defendant delayed from April 22, 1952, the date the pleas of nolo contendere were entered, until May *519 16, 1952, the date of sentence, before making his application for withdrawal of the pleas and then did so orally, without notice to his adversary. Such conduct, in the absence of explanation, leaves much room for speculation and grave doubt of the basic merit of the application. See Stern v. Glassen, 10 N.J. 596 (1952).
The rule of court governing the withdrawal of a plea is Rule 2:7-10(e), which provides, inter alia:
"A motion to withdraw a plea of guilty, or of nolo contendere, or of non vult, may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his plea as provided by law."
Former Chief Justice Beasley, speaking for the Supreme Court, in Clark v. State, 57 N.J.L. 489, 490 (1895), said of a defendant's right to withdraw his plea:
"* * * When an application is made in a criminal case to recall a plea of guilty and to plead de novo, it is a matter addressed to the discretion of the court. This has always been the doctrine prevailing from the earliest times in this state. Any other rule would be replete with mischief. By its force a defendant could plead guilty, and then, after the witnesses on the part of the state had been discharged, could come into court and claim as a right to take back his confession of guilt, and put the state to its proof. * * *"
This view was affirmed by the Court of Errors and Appeals, Clark v. State, 58 N.J.L. 383 (1895). Cf. 14 Am. Jur., sec. 286, p. 961.
The position taken by our courts that such an application is addressed to the discretion of the court, seems to be sustained generally by other courts of this country. 20 A.L.R. 1445. More recently it was stated that once the plea of nolo contendere has been accepted, it is within the discretion of the court to permit the plea to be withdrawn and replaced by another form of pleading, or to refuse to permit its withdrawal. 152 A.L.R. 271.
As stated in 14 Am. Jur., supra:
*520 "* * * While the exercise of discretionary power is not reviewable on appeal, the action of the trial court in a matter involving this power is subject to review in order that the appellate court may determine whether there has been an abuse of discretion or, more accurately, whether the trial court has exercised a judicial discretion or has acted arbitrarily. To this extent the action of a trial court in refusing leave to withdraw a plea of guilty is reviewable on appeal or writ of error; and if it appears that such action was arbitrary and not the exercise of a sound judicial discretion, the appellate court will not hesitate to reverse. * * *"
In the case of State v. Piracci, 14 N.J. Super. 319 (App. Div. 1951), defendant contested the denial of his application to withdraw his former plea of guilty and to substitute therefor his plea of not guilty. This court stated:
"* * * The defendant was entitled to `the services of an attorney devoted solely to the interests of his client.' Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316, 92 L.Ed. 309, 321 (1948). He was likewise entitled, after receiving legal advice from such attorney, to make his voluntary determination as to whether to plead guilty or proceed to trial. Waley v. Johnston, 316 U.S. 101, 52 S.Ct. 964, 86 L.Ed. 1302 (1942). If he had the services of such attorney and made such voluntary determination, then his plea of guilty was properly permitted to stand and the trial court did not exceed its discretionary powers in declining to permit its later withdrawal. Clark v. State, 57 N.J.L. 489 (Sup. Ct. 1895), affirmed 58 N.J.L. 383 (E. & A. 1895). If the facts were to the contrary, then presumably he should be afforded an opportunity to stand trial."
Examining into the circumstances surrounding the defendant's case in the matter sub judice, we find that he was represented by qualified counsel throughout the proceedings; that counsel had numerous consultations with him regarding his plea; that defendant was not unaware of the seriousness of the matter and that he knew what he was doing. It further appears that he was a mature individual and reached his determination voluntarily. The court inquired of the defendant's counsel the factual basis or justification for his application to withdraw his plea, in response to which counsel stated that he could not quote facts, but vaguely relied upon his client's right to his day in court. Under the circumstances of this case, we are of the opinion that the trial *521 court's denial of defendant's application to withdraw his plea was not an abuse of its discretion and is not error.
There is an implication that some representations were made to defendant's counsel by the county prosecutor regarding concurrent sentences on indictments 462 and 464, in return for defendant's plea to those indictments. Defendant's counsel concedes that no such assurances or intimations thereof were given him by the court. At the argument of the appeal the prosecutor expressly denied that any such agreement had been made and the record is completely devoid of any proof thereof. However, even assuming such an agreement were made, defendant is charged with the knowledge that it is clearly illegal and that the prosecutor is without authority to make any such agreement and the same would have been void ab initio, if in fact made. State v. Miller, 16 N.J. Super. 251, 257 (App. Div. 1951), certiorari denied sub nom., Miller v. State of New Jersey, 342 U.S. 934, 72 S.Ct. 379 (1952); 24 C.J.S., Criminal Law, § 1563, p. 24; Clemons v. U.S., 137 F.2d 302, 304 (C.C.A. 4, 1943).
We are of the opinion that defendant's application for leave to establish proof of the implications was properly denied. As stated, the illegal character of such an agreement is well known or is so generally recognized in the law as to render defendant and his counsel chargeable therewith. Reliance upon such an agreement by one with knowledge of its unlawful character cannot be sustained as a valid defense or a justifying circumstance for the withdrawal of a plea of nolo contendere, even if the same were in fact proven, particularly where, as here, defendant was at all times represented by counsel. Such does not constitute a deprivation of fundamental fairness entitling defendant to the relief sought. State v. Miller, supra.
An appellate court is warranted in nullifying the trial court's exercise of judicial discretion only when it appears that its action was clearly unreasonable in light of the attendant circumstances and that it resulted prejudicially to the *522 rights of the complaining party. Waltz v. Waltz, 16 N.J. Super. 119 (App. Div. 1951); Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951); Healy v. Billias, Ibid. 119, 122 (App. Div. 1951); Schuttler v. Reinhardt, Ibid. 480 (App. Div. 1952); State v. Davidson, 116 N.J.L. 325 (Sup. Ct. 1936); State v. Narushef, 15 N.J. Super. 483, 489 (App. Div. 1951), affirmed 8 N.J. 412 (1952). Our review of the record convinces us that such was not the case here.
The judgments are affirmed.