26 N.J. Super. 43 (1953)
97 A.2d 171
IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST 17 CLUB, INC., 17 WILLIAM STREET, NEWARK 2, NEW JERSEY, HOLDER OF PLENARY RETAIL CONSUMPTION LICENSE C-861 FOR THE 1951-52 AND 1952-53 LICENSING YEARS, ISSUED BY THE MUNICIPAL BOARD OF ALCOHOLIC BEVERAGE CONTROL OF THE CITY OF NEWARK, AND TRANSFERRED DURING PENDENCY OF PROCEEDINGS TO 36-38 WILLIAM STREET, NEWARK 2, N.J.
Superior Court of New Jersey, Appellate Division.
Argued May 4, 1953.
Decided May 25, 1953.
*45 Before Judges EASTWOOD, BIGELOW and JAYNE.
*46 Mr. Maurice C. Brigadier argued the cause for appellant.
Mr. Samuel B. Helfand, Deputy Attorney-General, argued the cause for respondent (Mr. Theodore D. Parsons, Attorney-General of New Jersey).
The opinion of the court was delivered by JAYNE, J.A.D.
The uncertainty of those future eventualities that are reasonably comprehensible must be considered ordinarily to inhere in one's choice of what is best to do. But one cannot always expect to rescue oneself from the disadvantageous consequences of a speculative choice of action by means of grasping upon some thin thread of the law however ably the strand is polished.
This corporate licensee holding a plenary retail consumption license was charged by the Director of the Division of Alcoholic Beverage Control with the violation of Rules 5 and 6 of State Regulations No. 20. Confidently supposing that a plea of non vult would be conducive to the imposition of a relatively light and slender penalty, such a plea was submitted and as contemplated a hearing was waived. But, alas, the license was not suspended pro tempore but revoked.
It then became realistically apparent to the licensee that the expectation to lose the anchor but save the ship was fanciful and imaginative. Figuratively expressed, the licensee naturally desired to play his hand over again, but the Director of the Division would not accede. The application of the licensee to subduct the unserviceable plea of non vult and contest the charges was denied. The licensee feels aggrieved, hence this appeal.
We note initially that the licensee in the submission of the plea of non vult was represented by an attorney. Counsel now engaged to prosecute the appeal proposes that a plea of non vult is legally inappropriate and unauthorized in a proceeding of this nature; that the order of revocation of the license was grossly excessive in its punitive effect and constituted a punishment incommensurable with such a plea, and that the Director erroneously denied the licensee a hearing *47 on the petition to permit a retraction of the plea and supplant it by a plea of not guilty.
The diligently prepared briefs of counsel treat of the origin, nature, import, purpose, and effect of a so-called plea of non vult or nolo contendere in other than capital cases in the courts of criminal jurisdiction. Despite the inducement we refrain from a profuse discussion of the general subject. Suffice here to state that in our courts the plea of non vult or nolo contendere has the equivalent pragmatical effect of a plea of guilty in the case in which it is entered, and its acceptance does not legally abridge or reduce the power of the court to impose the maximum penalty fixed by our pertinent statute as the punishment for the specific offense. Peacock v. Judges of Court of Hudson Quarter Sessions, 46 N.J.L. 112 (Sup. Ct. 1884); State v. Henson, 66 N.J.L. 601, 608 (E. & A. 1901); State v. Osborne, 79 N.J. Eq. 430, 435 (Ch. 1911); State v. Alderman, 81 N.J.L. 549 (E. & A. 1911); Waters v. Court of Special Sessions, 132 N.J.L. 44 (Sup. Ct. 1944); Kravis v. Hock, 136 N.J.L. 161, 165 (E. & A. 1947); State v. Griffith, 14 N.J. Super. 77, 84 (App. Div. 1951); State v. Phillips, 20 N.J. Super. 60, 63 (App. Div. 1952), affirmed 10 N.J. 503 (1952).
The early records reveal that the declaration or plea has long been recognized as an implied confession in which the defendant "doth not directly own himself guilty but in a manner admits it by yielding to the king's mercy." 2 Hawkins P.C. 31; 1 Chitty Crim. Law (1819 ed.), 430, c. 10. In practice the effect of the plea left nothing for the court to do except to impose sentence. Commonwealth v. Ingersoll, 145 Mass. 381, 14 N.E. 449 (Sup. Jud. Ct. 1888); U.S. v. Norris, 281 U.S. 619, 623, 50 S.Ct. 424, 425, 74 L.Ed. 1076 (1930); State v. Alderman, supra.
The plea has been advantageous to a defendant in that while it produces the implied confession of guilt in the criminal prosecution, it is not operative against him in a civil action arising from the commission of the same wrong. State v. Henson, supra.
*48 It is not surprising that the plea has become the prototype of an answer or response of an accused to charges and complaints in punitive or disciplinary proceedings conducted by administrative agencies.
While statutes creating an administrative agent or body quite uniformly confer upon the agent or body the power to prescribe rules of practice and procedure to govern the proceedings before them, yet we have little, if any, doubt of the implied power of such agencies to adopt any fair and reasonable practice and procedure conducive to the ascertainment of the facts upon which the agency is authorized to decide and act and which will promote the ends of justice in the administration and effectuation of the statutory purpose. 73 C.J.S., Public Administrative Bodies and Procedure, § 71-113, pp. 399-434; 42 Am. Jur. 447; Cooper, Am. Agencies and the Courts (1951), p. 102.
Our Legislature has empowered the Director of the Division of Alcoholic Beverage Control "to do, perform, take and adopt all other [in addition to those specified] acts, procedures and methods designed to insure the fair, impartial, stringent and comprehensive administration" of our Alcoholic Beverage Law. R.S. 33:1-23, 39. Pleas of non vult in proceedings of this nature have been heretofore recognized in Vesey v. Driscoll, 132 N.J.I. 293 (Sup. Ct. 1944); Galsworthy, Inc. v. Hock, 3 N.J. Super. 127 (App. Div. 1949).
Ought we participate in toying technically with terminology? Suppose this licensee upon being served with a copy of the charges and informed of the date designated for the hearing had not in his response employed the symbolic Latin term "non vult" but replied, "A hearing is unnecessary. I do not desire to contest the charges," would the consequential import and effect of his answer be significantly different? We think not.
The axis of this appeal is the denial of the licensee's petition to withdraw his previous answer to the charges, now to deny them and to contest their verity at a hearing. The denial of that privilege by the Director is said to have been *49 an unfair and mistaken exercise of discretion. We consequently inquire into the relevant circumstances.
On June 4, 1952 a copy of the charges was dispatched by registered mail to the licensee together with a notice of the date, time and place of the hearing thereof. The communication contained the following instructions:
"You must enter a plea of guilty or non vult or not guilty not later than Thursday, June 12, 1952 or at any time before that date. The plea may be submitted by letter provided it reaches us not later than that date."
The latter request is made in pursuance of the recommendations of a bulletin the pertinent portion of which reads:
"* * * Effort should be made to obtain the licensee's plea to the charges prior to the hearing date so that, in the event that a confessive plea of guilty or non vult is entered (thus making formal hearing unnecessary), the Director may be notified so that witnesses from the Division will not needlessly be compelled to attend the hearing."
The mature aforethought devoted by the officers of the licensee and its attorney to the submission of the plea of non vult is clearly exhibited by a reproduction of the following correspondence between the attorney of the licensee and the representatives of the Director. It begins with the letter of the attorney dated June 12, 1952:
"I represent the 17 Club, Inc. of 17 William Street, Newark, New Jersey, upon whom you have served notice and charges and have advised that plea must be entered on or before June 12, 1952.
In behalf of said 17 Club, Inc. I wish to enter a plea of `not guilty' to both charges.
I will be unable to prepare my defense for hearing on June 19, 1952 because I have a crowded calendar prior to and on that date.
I expect to be away from the office from June 23rd through July 4th and shall appreciate your adjourning the date for hearing to a date subsequent to July 5, 1952 and advising me of said date."
The Deputy Director replied on the same day:
"This acknowledges your letter dated June 12, 1952 entering a plea of not guilty on behalf of the above named licensee in pending *50 disciplinary proceedings and requesting adjournment of the hearing presently scheduled for June 19th.
The plea of not guilty has been entered and pursuant to your request and for the reasons stated in your letter, the hearing is being adjourned to Wednesday, July 9, 1952, at 10:00 a.m."
Further adjournments of the hearing eventuated and on August 20, 1952 the attorney of the licensee transmitted the following communication:
"I have been requested and authorized by my client in the above matter to enter a change of plea on each of the charges from `not guilty' to `non vult.'
I hereby make such change of plea on each of the charges so that the plea now stands as one of `non vult' and ask that you accept the change.
I appreciate the courtesies and cooperation afforded me by you in this matter.
As to the charge commonly called `permitting solicitation for prostitution' I wish to state that no such thing took place on the licensed premises with the participation, knowledge or consent of the licensee or its agents and certainly there was no knowledge or participation or consent on the part of the licensee or its agents in connection with the charge commonly called `permitting gambling (pool).'
These matters were heard by a Magistrate of the Family Court in the City of Newark the other day, and were dismissed in their entirety with respect to the licensee or its agents or employees.
In view of the action taken by the Family Court and in view of the fact that the change of plea herewith will result in expediting this complicated matter, I wish to urge that such judgment or penalty that may be rendered by your Board be made the minimum and become effective immediately.
I shall appreciate your acknowledging receipt of the change of plea and furnishing me with a copy of the conclusion to be entered to these charges."
The exchange of letters continued:
"This acknowledges your letter of August 20, 1952, received the same date, changing the plea in the above case from not guilty to non vult, alleging circumstances in mitigation of penalty and requesting that any penalty in the case be made effective `immediately.'
The plea is being accepted and, consequently, the hearing scheduled will not be held. Hence, no appearance at this Division need be made by anyone on the hearing date heretofore fixed.
*51 The statement of mitigating circumstances is also being accepted except to the extent that it may be in conflict with the non vult plea, and is being made a part of the file for the Director's consideration when deciding the case. Should he desire any hearing, you will be duly notified.
Copy of the Director's conclusions will be sent you when entered."

* * * * * * * *
"Confirming our telephone conversation of this date relative to the above matter, I wish to amend my letter addressed to the Department, attention of Edward F. Ambrose, dated August 20, 1952, so that this letter may supersede the letter of August 20, 1952.
I have been requested and authorized by my client in the above matter to enter a change of plea on each of the charges from `not guilty' to `non vult.'
I herewith make such change of plea on each of the charges so that the plea now stands as one of `non vult' and ask that you accept the change.
These matters were heard by a Magistrate of the Family Court in the City of Newark the other day, and were dismissed in their entirety with respect to the licensee or its agents or employees.
In view of the action taken by the Family Court and in view of the fact that the change of plea herewith will result in expediting this complicated matter, I wish to urge that such judgment or penalty that may be rendered by your Board be made the minimum and become effective immediately.
I shall appreciate your acknowledging receipt of the change of plea and furnishing me with a copy of the conclusion to be entered to these charges, and wish to express my sincere thanks to you for the courtesies and cooperation afforded me in these matters."
It is not apparent that any microbe of deception, coercion, or unfairness on the part of the representatives of the Division wormed its way into the premeditations of those acting for the licensee. Cf. State v. Miller, 16 N.J. Super. 251 (App. Div. 1951); State v. Lenkowski, 24 N.J. Super. 444 (App. Div. 1953). To the contrary, it is manifest that the course ultimately pursued by the licensee had been duly premeditated and freely chosen. In reality, that which is objectionable to the licensee is the degree of the resultant penalty.
The essence of the argument on behalf of the licensee is that the acceptance of a plea of non vult is necessarily contingent and provisional upon the imposition of a mitigated penalty or forfeiture. While in practice some favorable *52 consideration is normally given to the submission by an accused of such a plea, we are not aware of any precedential authority that unqualifiedly attaches such a provisional limitation on the acceptance of the plea.
In revoking the license the Director chose to impart in detail the characteristics of the charges which the licensee voluntarily refrained from attempting to refute and which the Director deemed to be of a nature warranting a revocation of the privilege further to vend intoxicating liquor. The alleged infractions of the rules were that the licensee had permitted upon the licensed premises solicitation for prostitution and lotteries commonly known as "fight pools."
"The sale of intoxicating liquor has, from the earliest history of our state, been dealt with by legislation in an exceptional way. It is a subject by itself, to the treatment of which all the analogies of the law, appropriate to other topics, cannot be applied." Paul v. Gloucester County, 50 N.J.L. 585 (E. & A. 1888); Hudson Bergen County Retail Liquor Stores Ass'n. v. Hoboken, 135 N.J.L. 502 (E. & A. 1947); Essex Holding Corp. v. Hock, 136 N.J.L. 28 (Sup. Ct. 1947); In re Schneider, 12 N.J. Super. 449 (App. Div. 1951).
The governmental power extensively to supervise the conduct of the liquor business and to confine the conduct of that business to reputable licensees who will manage it in a reputable manner has uniformly been accorded broad and liberal judicial support. In re Schneider, supra.
The allowance by the Director of a formal hearing on the petition to reinaugurate the proceedings was essentially a discretionary matter. Cf. Clark v. State, 57 N.J.L. 489 (Sup. Ct. 1895), affirmed 58 N.J.L. 383 (E. & A. 1895); State v. Piracci, 14 N.J. Super. 319 (App. Div. 1951); State v. Pometti, 23 N.J. Super. 516 (App. Div. 1952). Our courts do not after the imposition of sentence interfere with the denial of a motion to withdraw a plea of nolo contendere unless it is necessary to do so to correct manifest injustice. Vide, Rule 2:7-10(e). In analogy, we discern no cogent reason to do so in the present instance. *53 The revocation of the license does not appear to have been arbitrary or capricious but amply justified by the infractions of the licensee.
The determinations of the Director here brought under review are affirmed.